SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
HARPER BATTS (Bar No. 242603)
CHRIS PONDER (Bar No. 296546)
JEFFREY LIANG (Bar No. 281429)
379 Lytton Avenue
Palo Alto, California 94301
Telephone:    650.815.2600
Facsimile:    650.815.2601
E-mail:       hbatts@sheppardmullin.com
              cponder@sheppardmullin.com
              jliang@sheppardmullin.com

*Attorneys for Plaintiff*
VARIAN MEDICAL SYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VARIAN MEDICAL SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> VIEWRAY, INC., <br><br> Defendant. | Case No. 19-5697 <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

SMRH:4852-6317-5843.1                                                   COMPLAINT

Plaintiff VARIAN MEDICAL SYSTEMS, INC. ("Plaintiff" or "Varian") hereby asserts the following claim for patent infringement against Defendant ViewRay, Inc. ("Defendant" or "ViewRay"), and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1, et seq.

2. ViewRay has infringed and continues to infringe, has contributed to and continues to contribute to the infringement of and/or has actively and knowingly induced and continues to actively and knowingly induce the infringement of one or more claims of Varian's U.S. Patent Nos. 8,637,841 (the "'841 Patent") and 9,082,520 (the "'520 Patent") (collectively, the "Asserted Patents").  Varian is the legal owner by assignment of the Asserted Patents, which were duly and legally issued by the United States Patent and Trademark Office.  Varian seeks injunctive relief and monetary damages.

## THE PARTIES

3. Varian is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 3100 Hansen Way, Palo Alto, California.

4. Varian is a world leader in cancer care, including the design and manufacture of medical devices and software for treating cancer and other medical conditions with radiotherapy, radiosurgery, and proton therapy.  Varian provides a fully integrated line of products for treating cancer with radiation, including linear accelerators, treatment simulation and verification products, information management and treatment planning software, and sophisticated ancillary devices.

5. Upon information and belief, Defendant ViewRay is a foreign corporation registered to do business in the State of California and has a regular and established place of business in this judicial district at 815 E. Middlefield Rd., Mountain View, CA 94043.

6. Upon information and belief, the Defendant directly or indirectly imports, develops, designs, manufactures, distributes, markets, offers to sell and/or sells products and services in the United States and otherwise purposefully directs activities to the same.

## JURISDICTION

7. This Court has subject matter jurisdiction over the matters asserted herein under 28 U.S.C. §§ 1331 and 1338(a) because this a civil action for patent infringement under the patent laws of the United States.

8. Upon information and belief, this Court has personal jurisdiction over ViewRay because it is registered to do business in California and it maintains a regular and established place of business in this judicial district.

## VENUE

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because ViewRay maintains a regular and established place of business in this judicial district.

## INTRADISTRICT ASSIGNMENT

10. Pursuant to Civil L.R. 3-2(c), this case is subject to assignment on a district-wide basis because it involves intellectual property rights.

## BACKGROUND TO THE ACTION

11. Varian is a world leader in medical technology. Varian's research and development teams and partnerships have produced a wide array of products, including hardware, software and services that help doctors and hospitals identify and treat various medical conditions.

12. Varian's greatest contributions to medical innovation spring from its relentless battle against cancer, which has produced a range of treatment technologies, including radiotherapy, radiosurgery, and proton therapy. Varian's foremost mission is to save lives by making cancer treatment safer and more effective.

13. In 1956, Varian built the first medical-grade linear accelerator in the western hemisphere, which was used by doctors at Stanford-Lane Hospital in San Francisco. Linear accelerators are cancer-fighting treatment devices that accelerate charged subatomic particles or ions along a fixed path in order to destroy cancerous tissue. In the decades since, Varian has continued to be at the forefront of technology used to battle cancer.

14. In 1960, Varian introduced the Clinac 6 medical linear accelerator—the first commercial, fully rotational radiotherapy linear accelerator built in the United States—which

featured a 360º rotational gantry and helped prove that linear accelerators were superior to older cobalt radiation systems.

15. In 1972, Varian's Clinac 18 featured a "gridded electron gun" that gave unprecedented control over the radiation dosage.

16. In the 1990s, Varian continued to improve on linear accelerator hardware and further developed complementary imaging and treatment planning systems.  These innovations included:

- 1991's Dynamic Wedge technology allowed doctors to shape linear accelerator beams, which helped prevent unnecessary damage to healthy tissue and allowed doctors to more accurately focus treatment on malignant tumors;
- 1993's PortalVision™ portal imaging technology, which allowed doctors to verify exact beam placement in relation to a patient's anatomy;
- 1996's CadPlan® treatment planning software, which used diagnostic images of a tumor and surrounding tissues to generate computerized instructions for targeting the tumor with high-intensity X-ray beams; and
- 1999's Real-Time Position Management™ (RPM) Respiratory Gating system, which ensured accuracy when imaging and treating tumors that move when the patient breathes by turning on the radiation beam only when a targeted tumor is within a prescribed area.

17. In the 2000s, Varian continued to develop industry-leading innovations, developing the Eclipse™ treatment planning software, Dynamic Targeting™ image-guided radiotherapy, ARIA® oncology information system, RapidArc® volumetric modulated arc therapy system, and a "Smart Segmentation" tool for the Eclipse™ treatment planning software—technology that won an R&D 100 award.

18. In 2017, Varian introduced the Halcyon™ system for cancer treatment, which featured a unique dual-layer multileaf collimator ("MLC") that enabled high modulation with low

1 leakage.  Halcyon won an R&D 100 Award as one of the most exceptional innovations in science
2 and technology in 2018.

3       19. Varian has earned significant industry accolades, and the success of its medical
4 products has made it one of the most important companies in the cancer treatment industry.
5 Today, Varian appears on both the Fortune 1000 and S&P 500 stock indices.  In 2004, Varian was
6 named to the Forbes Platinum 400 list.  In 2006, Varian received an R&D 100 award and was
7 named a Forbes Global High Performer.  From 2007-2009, Varian was named one of
8 *IndustryWeek's* "50 Best Manufacturing Companies" in the U.S. three years in a row and was
9 named a top-15 best performing public corporation by BusinessWeek in 2007 and 2009.  In 2011,
10 Varian's TrueBeam system earned the company another R&D 100 award, as well as the
11 prestigious Red Dot Award for Product Design.

## VARIAN'S PATENTED TECHNOLOGIES

13       20. Varian's pioneering vision and relentless innovation have also made Varian the
14 assignee of groundbreaking patents in medical technology, as issued by the United States Patent
15 and Trademark Office ("USPTO") and its equivalents worldwide.

16       21. One of Varian's important patents in the cancer-treatment space is U.S. Patent No.
17 8,637,841 (the "'841 Patent"), which was granted by the USPTO on January 28, 2014.  The '841
18 Patent is entitled "Multi Level Multileaf Collimators" and was invented by Steven W. Prince and
19 Stanley Mansfield.  Varian is the original and current owner by assignment of the '841 Patent.  A
20 true and correct copy of the '841 Patent is attached hereto as **Exhibit A**.

21       22. Another of Varian's important patents in the cancer-treatment space is U.S. Patent
22 No. 9,082,520 (the "'520 Patent"), which issued from a continuation of the application that led to
23 the '841 Patent and was granted by the USPTO on July 14, 2015.  The '520 Patent is entitled
24 "Multi Level Multileaf Collimators" and was invented by Steven W. Prince and Stanley
25 Mansfield.  Varian is the original and current owner by assignment of the '520 Patent.  A true and
26 correct copy of the '520 Patent is attached hereto as **Exhibit B**.

27       23. A person of ordinary skill in the art would have understood that the Asserted
28 Patents and their claims are drawn to solving a specific, technical problem arising in the field of

radiotherapy treatment—in particular, technical problems related to MLCs used in radiotherapy. In radiotherapy, a beam of radiation is generated by a radiation source (such as a linear accelerator) to administer a specific dose of radiation.  An MLC is a device interposed between the radiation source and the treatment site that contains a plurality of radiation-blocking leaves, which form an aperture that shapes the radiation beam as it passes through.  Previous MLCs attempted to reduce radiation leakage between leaves by altering the geometry of a single layer of leaves, or through the use of jaws.  However, these approaches led to undesirable overdose effects or increased the bulk of the radiation system, which reduced clearance between the patient and moving equipment.

24. The claimed multi-level MLCs (as well as methods of their use) address these technical problems in radiotherapy, providing significantly reduced leakage effects and improved beam-shaping resolution.  The multi-level MLCs, as arranged in the claims, solved these technical problems using novel and inventive solutions that were not well-understood, routine, or conventional at the time of the invention.  For example, claim 20 of the '841 Patent describes:

> A method of shaping radiation beams from a radiation source, comprising:
>
> providing a multileaf collimator between a radiation source and an isocenter, said multileaf collimator comprising first and second sets of a plurality of beam blocking leaves disposed in first and second planes, leaves in each of the first and second sets being arranged in two opposing arrays forming a plurality of pairs of leaves in the first and second sets respectively, leaves of each pair being arranged in an opposed relationship and longitudinally movable relative each other, and the longitudinal moving directions being substantially parallel generally traverse to a beam direction; and
>
> moving selected pairs of leaves in the first and second sets from the two opposing arrays in a substantially parallel direction to

close ends of opposing leaves of the selected pairs to block a selected portion of a radiation beam;

wherein in moving the selected pairs of leaves to close the ends of opposing leaves to block the selected portion of the radiation beam, a pair of leaves in the first set close at a first location, a corresponding pair of leaves in the second set close at a second location, and the first and second locations are offset from a beam's point of view.

25. As another example, claim 1 of the '520 Patent describes:

A multileaf collimator comprising:

a first set of a plurality of pairs of beam blocking leaves arranged adjacent one another, leaves of each pair in the first set being disposed in an opposed relationship and longitudinally movable relative to each other in a first direction; and

a second set of a plurality of pairs of beam blocking leaves arranged adjacent one another, leaves of each pair in the second set being disposed in an opposed relationship and longitudinally movable relative to each other in a second direction generally parallel to the first direction; wherein

the first and second sets of pairs of leaves are disposed in different planes and the first set of pairs of leaves comprises a first quantity of pairs of leaves and the second set of pairs of leaves comprises a second quantity of pairs of leaves wherein the first quantity and the second quantity are different.

26. Figure 1 of the '841 Patent illustrates a multi-level MLC in accordance with some embodiments:



FIG. 1

27. The Asserted Patents are practiced by, e.g., Varian's Halcyon systems. Since its release in 2017, Halcyon has experienced robust sales and commercial success. In addition, the claimed inventions have been the subject of praise and achieved unexpected results.

28. The advantages of the Asserted Patents allow Halcyon's multi-level MLC to operate faster than prior systems, which (1) increases patient throughput, (2) increases patient comfort by reducing the time in treatment, and (3) reduces uncertainty in positions and target of the radiation treatment. The Asserted Patents further allow MLC leaves to be larger in size without losing resolution, enabling higher reliability, higher resolution, and lower manufacturing costs. There has been substantial industry praise for the Halcyon multi-level MLC. *See, e.g.*, Tze Yee Lim et al., *Characterization of the Halcyon Multileaf Collimator System*, J. Applied Clinical Med. Physics, Vol. 20, Issue 4 at 106-114 (Apr. 2019).

29. The inventions of the Asserted Patents achieved unexpected results and benefits. For example, the arrangement of the leaf banks as claimed in the Asserted Patents greatly reduces

leakage compared with single-level MLCs, allowing for increased radiation intensity/modulation. As another example, the increased speed of the Halcyon MLC reduces the timeframe in which a patient has to remain motionless and thereby decreases the likelihood of disruptive movement.

## CLAIM FOR RELIEF

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,637,841

30. Varian incorporates by reference and realleges all the foregoing paragraphs of this Complaint as if fully set forth herein.

31. The USPTO duly and legally issued the '841 Patent on January 28, 2014. Varian is the legal owner of the '841 Patent by assignment.

32. On information and belief, ViewRay makes, uses, offers to sell, or sells in the United States, or imports into the United States (a) multi-level MLCs including but not limited to the RayZR Double Focused MLC, and (b) radiation therapy systems, including but not limited to "MRIdian" systems with multi-level MLCs such as the RayZR Double Focused MLC (collectively the "Accused Products"), along with related software and related services, that infringe one or more claims of the '841 Patent, including at least Claim 20, either literally or under the doctrine of equivalents.

33. For example, ViewRay's Accused Products practice a method of shaping radiation beams from a radiation source, comprising: providing a multileaf collimator between a radiation source and an isocenter, said multileaf collimator comprising first and second sets of a plurality of beam blocking leaves disposed in first and second planes, leaves in each of the first and second sets being arranged in two opposing arrays forming a plurality of pairs of leaves in the first and second sets respectively, leaves of each pair being arranged in an opposed relationship and longitudinally movable relative to each other, and the longitudinal moving directions being substantially parallel and generally traverse to a beam direction; and moving selected pairs of leaves in the first and second sets from the two opposing arrays in a substantially parallel direction to close ends of opposing leaves of the selected pairs to block a selected portion of a radiation beam; wherein in moving the selected pairs of leaves to close the ends of opposing leaves to block the selected portion of the radiation beam, a pair of leaves in the first set close at a first location, a

1  corresponding pair of leaves in the second set close at a second location, and the first and second
2  locations are offset from a beam's point of view.  *See, e.g.*, ViewRay Inc., MRIdian Linac
3  Advantage at 9, Mar. 2017 (available at https://imagingequipment.co.uk/wp-
4  content/uploads/2017/10/ViewRay_MRIdianLinacBrochure.pdf) (attached hereto as **Exhibit C**):



*See also*, ViewRay Inc., *RayZR Double Focused MLC*, at 01:17, 01:46 (June 2017) (available at https://vimeo.com/220352448):





34. ViewRay has directly and/or indirectly infringed the '841 Patent. ViewRay has contributed to and continues to contribute to acts of infringement and/or has actively and knowingly induced and continues to actively and knowingly induce the infringement of one or more claims of the '841 Patent, including at least Claim 20. For example, ViewRay has touted the benefits of infringing MRIdian systems in marketing and sales materials that are actively directed to the United States. *See e.g.*, https://viewray.com/discover-mridian/ (website with video explaining treatment on the MRIdian system). ViewRay has marketed the Accused Products by describing and depicting their use in an infringing manner, and upon information and belief, demonstrating, encouraging, and instructing customers and potential customers to use the Accused Products in an infringing manner at trade shows, consultations, training programs and otherwise, such as in connection with sales activity. *See e.g.*, https://viewray.com/webinars/ (webinars on the MRIdian system); https://viewray.com/events-webinars/ (promoting and demonstrating the MRIdian system in events worldwide including the United States). Additionally, the Accused Products were specifically designed, made, and/or adapted for use in an infringing manner. The Accused Products embody either the claimed inventions on their own or are material, non-staple components of end-use products that embody the claimed inventions, which have no substantial noninfringing uses. For at least the aforementioned reasons, ViewRay has demonstrated and continues to demonstrate its specific intent to induce direct infringement of at least one claim of the '841 Patent.

35. ViewRay's infringement has caused, and is continuing to cause, damage and irreparable injury to Varian, and Varian will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.

36. Varian is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

37. Upon information and belief, ViewRay has had knowledge of the '841 Patent since at least January 5, 2018, as evidenced by the discussion of the '841 Patent in the prosecution of ViewRay's U.S. Patent No. 9,966,160, as well as it being cited as a on the face of the '160 Patent.

38. ViewRay's infringement of the '841 Patent has been and continues to be willful and deliberate, justifying a trebling of damages under 35 U.S.C. § 284.  Upon information and belief, ViewRay's accused actions continue despite an objectively high likelihood that they constitute infringement of the '841 Patent.  ViewRay either knows or should have known about its risk of infringing the '841 Patent.  ViewRay's conduct despite this knowledge is made with both objective and subjective reckless disregard for the infringing nature of its activities.

39. ViewRay's infringement of the '841 Patent is exceptional and entitles Varian to attorneys' fees and costs under 35 U.S.C. § 285.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 9,082,520**

40. Varian incorporates by reference and realleges all the foregoing paragraphs of this Complaint as if fully set forth herein.

41. The USPTO duly and legally issued the '520 Patent on July 14, 2015.  Varian is the legal owner of the '520 Patent by assignment.

42. On information and belief, ViewRay makes, uses, offers to sell, or sells in the United States, or imports into the United States (a) multi-level MLCs including but not limited to the RayZR Double Focused MLC, and (b) radiation therapy systems, including but not limited to "MRIdian" systems with multi-level MLCs such as the RayZR Double Focused MLC (collectively "the Accused Products"), along with related software and related services, that infringe one or more claims of the '520 Patent, including at least Claim 1, either literally or under the doctrine of equivalents.

43. For example, ViewRay's Accused Products provide a multileaf collimator comprising: a first set of a plurality of pairs of beam blocking leaves arranged adjacent one another, leaves of each pair in the first set being disposed in an opposed relationship and longitudinally movable relative to each other in a first direction; and a second set of a plurality of pairs of beam blocking leaves arranged adjacent one another, leaves of each pair in the second set being disposed in an opposed relationship and longitudinally movable relative to each other in a second direction generally parallel to the first direction; wherein the first and second sets of pairs of leaves are disposed in different planes and the first set of pairs of leaves comprises a first quantity of pairs of leaves and the second set of pairs of leaves comprises a second quantity of pairs of leaves wherein the first quantity and the second quantity are different. *See, e.g.*, Ex. C, ViewRay Inc., *MRIdian Linac Advantage* at 9, Mar. 2017 (available at https://imagingequipment.co.uk/wp-content/uploads/2017/10/ViewRay_MRIdianLinacBrochure.pdf):

> The linac is equipped with a 138-leaf double focused double stacked multi-leaf collimator (MLC) with minimum penumbra to shape the beam for precision radiation therapy treatments. A double stack double focused 138 leaf MLC (34 leaf pairs – upper stack, 35 leaf pairs – lower stack). Each leaf projects with a nominal width of 8.30 mm at 90 cm SAD. The double stack MLC uses an offset between the top and bottom stack to achieve an effective leaf width of 4.15 mm at 90 cm SAD. The MLC is designed to project field sizes up to 27.4 cm x 24.1 cm at isocenter.

SMRH:4852-6317-5843.1
COMPLAINT

1    *See also*, ViewRay Inc., RayZR *Double Focused MLC*, at 01:14, 01:46, (June 2017)
2    (available at https://vimeo.com/220352448):





18    44.    ViewRay's infringement has caused, and is continuing to cause, damage and
irreparable injury to Varian, and Varian will continue to suffer damage and irreparable injury
unless and until that infringement is enjoined by this Court.

21    45.    Varian is entitled to injunctive relief and damages in accordance with 35 U.S.C.
§§ 271, 281, 283, and 284.

23    46.    Upon information and belief, ViewRay has had knowledge of the '520 Patent since
at least January 5, 2018, as evidenced by the discussion of the '520 Patent in the prosecution of
ViewRay's U.S. Patent No. 9,966,160, as well as it being listed as a reference cited on the face of
the '160 Patent.

27    47.    ViewRay's infringement of the '520 Patent has been and continues to be willful
and deliberate, justifying a trebling of damages under 35 U.S.C. § 284.  Upon information and

belief, ViewRay's accused actions continue despite an objectively high likelihood that they constitute infringement of the '520 Patent.  ViewRay either knows or should have known about its risk of infringing the '520 Patent.  ViewRay's conduct despite this knowledge is made with both objective and subjective reckless disregard for the infringing nature of its activities.

48. ViewRay's infringement of the '520 Patent is exceptional and entitles Varian to attorneys' fees and costs under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Varian respectfully requests:

1. Judgment be entered that the Defendant has infringed the '841 and '520 Patents;

2. Judgment be entered that the commercial use, sale, offer for sale, manufacture or importation by ViewRay of Accused Products that infringe the '841 and '520 Patents;

3. That, in accordance with 35 U.S.C. § 283, ViewRay, and all affiliates, employees, agents, officers, directors, attorneys, successors, and assigns and all those acting on behalf of or in active concert or participation with any of them, be enjoined from infringing the '841 and '520 Patents;

4. A declaration that ViewRay must render a full and complete accounting to Varian for ViewRay's profits, gains, advantages or the value of business opportunities received from the foregoing acts of infringement;

5. An award of damages sufficient to compensate Varian for ViewRay's infringement (direct and/or indirect) of the '841 and '520 Patents, in an amount not less than a reasonable royalty;

6. An order awarding Varian treble damages under 35 U.S.C. § 284 as a result of ViewRay's willful and deliberate infringement of the '841 and '520 Patents;

7. That the case be found exceptional under 35 U.S.C. § 285 and that Varian be awarded its attorneys' fees;

8. Costs and expenses in this action;

9. An award of prejudgment and post-judgment interest; and

10. Such other and further relief as the Court may deem just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Civil L.R. 3-6(a), Varian demands a trial by jury on all issues raised by the Complaint.

Dated:  September 10, 2019

                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                              By          */s/ Harper Batts*
                                      HARPER BATTS
                                      CHRIS PONDER
                                      JEFFREY LIANG

                                      *Attorneys for Plaintiff*
                                  *Varian Medical Systems, Inc.*