KEKER, VAN NEST & PETERS LLP
LEO L. LAM - # 181861
llam@keker.com
JUSTINA SESSIONS - # 270914
jsessions@keker.com
RYAN K. WONG - # 267189
rwong@keker.com
ANJALI SRINIVASAN - # 304413
asrinivasan@keker.com
FRANCO MUZZIO - # 310618
fmuzzio@keker.com
JOSÉ L. MARTINEZ - # 318540
jmartinez@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

SHEPPARD, MULLIN,
RICHTER & HAMPTON LLP
HARPER BATTS - # 242603
hbatts@sheppardmullin.com
CHRIS PONDER - # 296546
cponder@sheppardmullin.com
JEFFREY LIANG - # 281429
jliang@sheppardmullin.com
379 Lytton Avenue
Palo Alto, CA 94301
Telephone:     650 815 2673
Facsimile:     650 815 4668

BECK, BISMONTE & FINLEY, LLP
JOSEPH A. GRECO - # 104476
jgreco@beckllp.com
150 Almaden Blvd., 10th Floor
San Jose, CA  95113
Telephone:     (408) 938-7900
Facsimile:     (408) 938-0790

Attorneys for Plaintiff
VARIAN MEDICAL SYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VARIAN MEDICAL SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>VIEWRAY, INC. and<br>VIEWRAY TECHNOLOGIES, INC.,<br><br>Defendants. | Case No. 3:19-cv-05697-SI<br><br>**AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff VARIAN MEDICAL SYSTEMS, INC. ("Plaintiff" or "Varian") hereby asserts the following claim for patent infringement against Defendants VIEWRAY, INC. and VIEWRAY TECHNOLOGIES, INC. (collectively, "ViewRay"), and alleges as follows:

## NATURE OF THE ACTION

1.     This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1, et seq.

2.     ViewRay has infringed and continues to infringe, has contributed to and continues to contribute to the infringement of and/or has actively and knowingly induced and continues to actively and knowingly induce the infringement of one or more claims of Varian's U.S. Patent Nos. 8,637,841 (the "'841 Patent") and 9,082,520 (the "'520 Patent") (collectively, the "Asserted Patents").  Varian is the legal owner by assignment of the Asserted Patents, which were duly and legally issued by the United States Patent and Trademark Office.  Varian seeks injunctive relief and monetary damages.

## THE PARTIES

3.     Varian is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 3100 Hansen Way, Palo Alto, California.

4.     Varian is a world leader in cancer care, including the design and manufacture of medical devices and software for treating cancer and other medical conditions with radiotherapy, radiosurgery, and proton therapy.  Varian provides a fully integrated line of products for treating cancer with radiation, including linear accelerators, treatment simulation and verification products, information management and treatment planning software, and sophisticated ancillary devices.

5.     Upon information and belief, ViewRay, Inc. is a foreign corporation registered to do business in the State of California and has a regular and established place of business in this judicial district at 815 E. Middlefield Rd., Mountain View, CA 94043.

6.     Upon information and belief, ViewRay Technologies, Inc. is a foreign corporation registered to do business in the State of California and has a regular and established place of business in this judicial district at 815 E. Middlefield Rd., Mountain View, CA 94043.

1    7.    Upon information and belief, ViewRay directly or indirectly imports, develops,

2  designs, manufactures, distributes, markets, offers to sell and/or sells products and services in the

3  United States and otherwise purposefully directs activities to the same.

4                                    **JURISDICTION**

5    8.    This Court has subject matter jurisdiction over the matters asserted herein under 28

6  U.S.C. §§ 1331 and 1338(a) because this a civil action for patent infringement under the patent

7  laws of the United States.

8    9.    Upon information and belief, this Court has personal jurisdiction over Defendants

9  because they are registered to do business in California and maintain a regular and established

10  place of business in this judicial district.

11                                      **VENUE**

12    10.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b)

13  because Defendants maintain a regular and established place of business in this judicial district.

14                          **INTRADISTRICT ASSIGNMENT**

15    11.    Pursuant to Civil L.R. 3-2(c), this case is subject to assignment on a district-wide

16  basis because it involves intellectual property rights.

17                          **BACKGROUND TO THE ACTION**

18    12.    Varian is a world leader in medical technology.  Varian's research and

19  development teams and partnerships have produced a wide array of products, including hardware,

20  software and services that help doctors and hospitals identify and treat various medical conditions.

21    13.    Varian's greatest contributions to medical innovation spring from its relentless

22  battle against cancer, which has produced a range of treatment technologies, including

23  radiotherapy, radiosurgery, and proton therapy.  Varian's foremost mission is to save lives by

24  making cancer treatment safer and more effective.

25    14.    In 1956, Varian built the first medical-grade linear accelerator in the western

26  hemisphere, which was used by doctors at Stanford-Lane Hospital in San Francisco.  Linear

27  accelerators are cancer-fighting treatment devices that accelerate charged subatomic particles or

28

ions along a fixed path in order to destroy cancerous tissue.  In the decades since, Varian has continued to be at the forefront of technology used to battle cancer.

15. In 1960, Varian introduced the Clinac 6 medical linear accelerator—the first commercial, fully rotational radiotherapy linear accelerator built in the United States—which featured a 360º rotational gantry and helped prove that linear accelerators were superior to older cobalt radiation systems.

16. In 1972, Varian's Clinac 18 featured a "gridded electron gun" that gave unprecedented control over the radiation dosage.

17. In the 1990s, Varian continued to improve on linear accelerator hardware and further developed complementary imaging and treatment planning systems.  These innovations included:

- 1991's Dynamic Wedge technology allowed doctors to shape linear accelerator beams, which helped prevent unnecessary damage to healthy tissue and allowed doctors to more accurately focus treatment on malignant tumors;

- 1993's PortalVision™ portal imaging technology, which allowed doctors to verify exact beam placement in relation to a patient's anatomy;

- 1996's CadPlan® treatment planning software, which used diagnostic images of a tumor and surrounding tissues to generate computerized instructions for targeting the tumor with high-intensity X-ray beams; and

- 1999's Real-Time Position Management™ (RPM) Respiratory Gating system, which ensured accuracy when imaging and treating tumors that move when the patient breathes by turning on the radiation beam only when a targeted tumor is within a prescribed area.

18. In the 2000s, Varian continued to develop industry-leading innovations, developing the Eclipse™ treatment planning software, Dynamic Targeting™ image-guided radiotherapy, ARIA® oncology information system, RapidArc® volumetric modulated arc therapy system, and

a "Smart Segmentation" tool for the Eclipse™ treatment planning software—technology that won an R&D 100 award.

19.     In 2017, Varian introduced the Halcyon™ system for cancer treatment, which featured a unique dual-layer multileaf collimator ("MLC") that enabled high modulation with low leakage.  Halcyon won an R&D 100 Award as one of the most exceptional innovations in science and technology in 2018.

20.     Varian has earned significant industry accolades, and the success of its medical products has made it one of the most important companies in the cancer treatment industry. Today, Varian appears on both the Fortune 1000 and S&P 500 stock indices.  In 2004, Varian was named to the Forbes Platinum 400 list.  In 2006, Varian received an R&D 100 award and was named a Forbes Global High Performer.  From 2007-2009, Varian was named one of *IndustryWeek's* "50 Best Manufacturing Companies" in the U.S. three years in a row and was named a top-15 best performing public corporation by BusinessWeek in 2007 and 2009.  In 2011, Varian's TrueBeam system earned the company another R&D 100 award, as well as the prestigious Red Dot Award for Product Design.

## **VARIAN'S PATENTED TECHNOLOGIES**

21.     Varian's pioneering vision and relentless innovation have also made Varian the assignee of groundbreaking patents in medical technology, as issued by the United States Patent and Trademark Office ("USPTO") and its equivalents worldwide.

22.     One of Varian's important patents in the cancer-treatment space is U.S. Patent No. 8,637,841 (the "'841 Patent"), which was granted by the USPTO on January 28, 2014.  The '841 Patent is entitled "Multi Level Multileaf Collimators" and was invented by Steven W. Prince and Stanley Mansfield.  Varian is the original and current owner by assignment of the '841 Patent.  A true and correct copy of the '841 Patent is attached hereto as **Exhibit A**.

23.     Another of Varian's important patents in the cancer-treatment space is U.S. Patent No. 9,082,520 (the "'520 Patent"), which issued from a continuation of the application that led to the '841 Patent and was granted by the USPTO on July 14, 2015.  The '520 Patent is entitled "Multi Level Multileaf Collimators" and was invented by Steven W. Prince and Stanley

1   Mansfield.  Varian is the original and current owner by assignment of the '520 Patent.  A true and

2   correct copy of the '520 Patent is attached hereto as **Exhibit B**.

3        24.   A person of ordinary skill in the art would have understood that the Asserted

4   Patents and their claims are drawn to solving a specific, technical problem arising in the field of

5   radiotherapy treatment—in particular, technical problems related to MLCs used in radiotherapy.

6   In radiotherapy, a beam of radiation is generated by a radiation source (such as a linear

7   accelerator) to administer a specific dose of radiation.  An MLC is a device interposed between the

8   radiation source and the treatment site that contains a plurality of radiation-blocking leaves, which

9   form an aperture that shapes the radiation beam as it passes through.  Previous MLCs attempted to

10  reduce radiation leakage between leaves by altering the geometry of a single layer of leaves, or

11  through the use of jaws.  However, these approaches led to undesirable overdose effects or

12  increased the bulk of the radiation system, which reduced clearance between the patient and

13  moving equipment.

14       25.   The claimed multi-level MLCs (as well as methods of their use) address these

15  technical problems in radiotherapy, providing significantly reduced leakage effects and improved

16  beam-shaping resolution.  The multi-level MLCs, as arranged in the claims, solved these technical

17  problems using novel and inventive solutions that were not well-understood, routine, or

18  conventional at the time of the invention.  For example, claim 20 of the '841 Patent describes:

19            A method of shaping radiation beams from a radiation source,

20            comprising:

21                providing a multileaf collimator between a radiation source

22            and an isocenter, said multileaf collimator comprising first and

23            second sets of a plurality of beam blocking leaves disposed in first

24            and second planes, leaves in each of the first and second sets being

25            arranged in two opposing arrays forming a plurality of pairs of

26            leaves in the first and second sets respectively, leaves of each pair

27            being arranged in an opposed relationship and longitudinally

28            movable relative each other, and the longitudinal moving directions

Case No. 3:19-cv-05697-SI
AMENDED COMPLAINT

being substantially parallel generally traverse to a beam direction; and

    moving selected pairs of leaves in the first and second sets from the two opposing arrays in a substantially parallel direction to close ends of opposing leaves of the selected pairs to block a selected portion of a radiation beam;

    wherein in moving the selected pairs of leaves to close the ends of opposing leaves to block the selected portion of the radiation beam, a pair of leaves in the first set close at a first location, a corresponding pair of leaves in the second set close at a second location, and the first and second locations are offset from a beam's point of view.

26.    As another example, claim 1 of the '520 Patent describes:

A multileaf collimator comprising:

    a first set of a plurality of pairs of beam blocking leaves arranged adjacent one another, leaves of each pair in the first set being disposed in an opposed relationship and longitudinally movable relative to each other in a first direction; and

    a second set of a plurality of pairs of beam blocking leaves arranged adjacent one another, leaves of each pair in the second set being disposed in an opposed relationship and longitudinally movable relative to each other in a second direction generally parallel to the first direction; wherein

    the first and second sets of pairs of leaves are disposed in different planes and the first set of pairs of leaves comprises a first quantity of pairs of leaves and the second set of pairs of leaves comprises a second quantity of pairs of leaves wherein the first quantity and the second quantity are different.

27.     Figure 1 of the '841 Patent illustrates a multi-level MLC in accordance with some embodiments:



FIG. 1

28.     The Asserted Patents are practiced by, e.g., Varian's Halcyon systems.  Since its release in 2017, Halcyon has experienced robust sales and commercial success.  In addition, the claimed inventions have been the subject of praise and achieved unexpected results.

29.     The advantages of the Asserted Patents allow Halcyon's multi-level MLC to operate faster than prior systems, which (1) increases patient throughput, (2) increases patient comfort by reducing the time in treatment, and (3) reduces uncertainty in positions and target of the radiation treatment.  The Asserted Patents further allow MLC leaves to be larger in size without losing resolution, enabling higher reliability, higher resolution, and lower manufacturing costs.  There has been substantial industry praise for the Halcyon multi-level MLC.  *See, e.g.*, Tze Yee Lim et al., *Characterization of the Halcyon Multileaf Collimator System*, J. Applied Clinical Med. Physics, Vol. 20, Issue 4 at 106-114 (Apr. 2019).

30.     The inventions of the Asserted Patents achieved unexpected results and benefits.  For example, the arrangement of the leaf banks as claimed in the Asserted Patents greatly reduces

1   leakage compared with single-level MLCs, allowing for increased radiation intensity/modulation.

2   As another example, the increased speed of the Halcyon MLC reduces the timeframe in which a

3   patient has to remain motionless and thereby decreases the likelihood of disruptive movement.

4                                        **CLAIM FOR RELIEF**

5                    **COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,637,841**

6           31.     Varian incorporates by reference and realleges all the foregoing paragraphs of this

7   Complaint as if fully set forth herein.

8           32.     The USPTO duly and legally issued the '841 Patent on January 28, 2014.  Varian is

9   the legal owner of the '841 Patent by assignment.

10          33.     On information and belief, ViewRay makes, uses, offers to sell, or sells in the

11  United States, or imports into the United States (a) multi-level MLCs including but not limited to

12  the RayZR Double Focused MLC, and (b) radiation therapy systems, including but not limited to

13  "MRIdian" systems with multi-level MLCs such as the RayZR Double Focused MLC

14  (collectively the "Accused Products"), along with related software and related services, that

15  infringe one or more claims of the '841 Patent, including at least Claim 20, either literally or under

16  the doctrine of equivalents.

17          34.     For example, ViewRay's Accused Products practice a method of shaping radiation

18  beams from a radiation source, comprising: providing a multileaf collimator between a radiation

19  source and an isocenter, said multileaf collimator comprising first and second sets of a plurality of

20  beam blocking leaves disposed in first and second planes, leaves in each of the first and second

21  sets being arranged in two opposing arrays forming a plurality of pairs of leaves in the first and

22  second sets respectively, leaves of each pair being arranged in an opposed relationship and

23  longitudinally movable relative to each other, and the longitudinal moving directions being

24  substantially parallel and generally traverse to a beam direction; and moving selected pairs of

25  leaves in the first and second sets from the two opposing arrays in a substantially parallel direction

26  to close ends of opposing leaves of the selected pairs to block a selected portion of a radiation

27  beam; wherein in moving the selected pairs of leaves to close the ends of opposing leaves to block

28  the selected portion of the radiation beam, a pair of leaves in the first set close at a first location, a

corresponding pair of leaves in the second set close at a second location, and the first and second locations are offset from a beam's point of view. *See, e.g.*, ViewRay Inc., MRIdian Linac Advantage at 9, Mar. 2017 (available at https://imagingequipment.co.uk/wp-content/uploads/2017/10/ViewRay_MRIdianLinacBrochure.pdf) (attached hereto as **Exhibit C**):



*See also*, ViewRay Inc., *RayZR Double Focused MLC*, at 01:17, 01:46 (June 2017) (available at https://vimeo.com/220352448):





35.     ViewRay has directly and/or indirectly infringed the '841 Patent.  ViewRay has contributed to and continues to contribute to acts of infringement and/or has actively and knowingly induced and continues to actively and knowingly induce the infringement of one or more claims of the '841 Patent, including at least Claim 20.  For example, ViewRay has touted the benefits of infringing MRIdian systems in marketing and sales materials that are actively directed to the United States.  *See e.g.*, https://viewray.com/discover-mridian/ (website with video explaining treatment on the MRIdian system).  ViewRay has marketed the Accused Products by describing and depicting their use in an infringing manner, and upon information and belief, demonstrating, encouraging, and instructing customers and potential customers to use the Accused Products in an infringing manner at trade shows, consultations, training programs and otherwise, such as in connection with sales activity.  *See e.g.*, https://viewray.com/webinars/ (webinars on the MRIdian system); https://viewray.com/events-webinars/ (promoting and demonstrating the MRIdian system in events worldwide including the United States).  Additionally, the Accused Products were specifically designed, made, and/or adapted for use in an infringing manner.  The Accused Products embody either the claimed inventions on their own or are material, non-staple components of end-use products that embody the claimed inventions, which have no substantial noninfringing uses.  For at least the aforementioned reasons, ViewRay has demonstrated and continues to demonstrate its specific intent to induce direct infringement of at least one claim of the '841 Patent.

36.     ViewRay's infringement has caused, and is continuing to cause, damage and irreparable injury to Varian, and Varian will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.

37.     Varian is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

38.     Upon information and belief, ViewRay has had knowledge of the '841 Patent since at least January 5, 2018, as evidenced by the discussion of the '841 Patent in the prosecution of ViewRay's U.S. Patent No. 9,966,160, as well as it being cited as a on the face of the '160 Patent.

39.     ViewRay's infringement of the '841 Patent has been and continues to be willful and deliberate, justifying a trebling of damages under 35 U.S.C. § 284.  Upon information and belief, ViewRay's accused actions continue despite an objectively high likelihood that they constitute infringement of the '841 Patent.  ViewRay either knows or should have known about its risk of infringing the '841 Patent.  ViewRay's conduct despite this knowledge is made with both objective and subjective reckless disregard for the infringing nature of its activities.

40.     ViewRay's infringement of the '841 Patent is exceptional and entitles Varian to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 9,082,520

41.     Varian incorporates by reference and realleges all the foregoing paragraphs of this Complaint as if fully set forth herein.

42.     The USPTO duly and legally issued the '520 Patent on July 14, 2015.  Varian is the legal owner of the '520 Patent by assignment.

43.     On information and belief, ViewRay makes, uses, offers to sell, or sells in the United States, or imports into the United States (a) multi-level MLCs including but not limited to the RayZR Double Focused MLC, and (b) radiation therapy systems, including but not limited to "MRIdian" systems with multi-level MLCs such as the RayZR Double Focused MLC (collectively "the Accused Products"), along with related software and related services, that infringe one or more claims of the '520 Patent, including at least Claim 1, either literally or under the doctrine of equivalents.

44.     For example, ViewRay's Accused Products provide a multileaf collimator comprising: a first set of a plurality of pairs of beam blocking leaves arranged adjacent one another, leaves of each pair in the first set being disposed in an opposed relationship and longitudinally movable relative to each other in a first direction; and a second set of a plurality of pairs of beam blocking leaves arranged adjacent one another, leaves of each pair in the second set being disposed in an opposed relationship and longitudinally movable relative to each other in a second direction generally parallel to the first direction; wherein the first and second sets of pairs of leaves are disposed in different planes and the first set of pairs of leaves comprises a first quantity of pairs of leaves and the second set of pairs of leaves comprises a second quantity of pairs of leaves wherein the first quantity and the second quantity are different.  *See, e.g.*, Ex. C, ViewRay Inc., *MRIdian Linac Advantage* at 9, Mar. 2017 (available at https://imagingequipment.co.uk/wp-content/uploads/2017/10/ViewRay_MRIdianLinacBrochure.pdf):

> The linac is equipped with a 138-leaf double focused double stacked multi-leaf collimator (MLC) with minimum penumbra to shape the beam for precision radiation therapy treatments. A double stack double focused 138 leaf MLC (34 leaf pairs – upper stack, 35 leaf pairs – lower stack). Each leaf projects with a nominal width of 8.30 mm at 90 cm SAD. The double stack MLC uses an offset between the top and bottom stack to achieve an effective leaf width of 4.15 mm at 90 cm SAD. The MLC is designed to project field sizes up to 27.4 cm x 24.1 cm at isocenter.

1        *See also*, ViewRay Inc., RayZR *Double Focused MLC*, at 01:14, 01:46, (June 2017)

2   (available at https://vimeo.com/220352448):



18        45.    ViewRay's infringement has caused, and is continuing to cause, damage and

19   irreparable injury to Varian, and Varian will continue to suffer damage and irreparable injury

20   unless and until that infringement is enjoined by this Court.

21        46.    Varian is entitled to injunctive relief and damages in accordance with 35 U.S.C.

22   §§ 271, 281, 283, and 284.

23        47.    Upon information and belief, ViewRay has had knowledge of the '520 Patent since

24   at least January 5, 2018, as evidenced by the discussion of the '520 Patent in the prosecution of

25   ViewRay's U.S. Patent No. 9,966,160, as well as it being listed as a reference cited on the face of

26   the '160 Patent.

27        48.    ViewRay's infringement of the '520 Patent has been and continues to be willful

28   and deliberate, justifying a trebling of damages under 35 U.S.C. § 284.  Upon information and

Case No. 3:19-cv-05697-SI

AMENDED COMPLAINT

1  belief, ViewRay's accused actions continue despite an objectively high likelihood that they

2  constitute infringement of the '520 Patent.  ViewRay either knows or should have known about its

3  risk of infringing the '520 Patent.  ViewRay's conduct despite this knowledge is made with both

4  objective and subjective reckless disregard for the infringing nature of its activities.

5       49.     ViewRay's infringement of the '520 Patent is exceptional and entitles Varian to

6  attorneys' fees and costs under 35 U.S.C. § 285.

7  **PRAYER FOR RELIEF**

8       WHEREFORE, Varian respectfully requests:

9       1.     Judgment be entered that ViewRay has infringed the '841 and '520 Patents;

10       2.     Judgment be entered that the commercial use, sale, offer for sale, manufacture or

11  importation by ViewRay of Accused Products that infringe the '841 and '520 Patents;

12       3.     That, in accordance with 35 U.S.C. § 283, ViewRay, and all affiliates, employees,

13  agents, officers, directors, attorneys, successors, and assigns and all those acting on behalf of or in

14  active concert or participation with any of them, be enjoined from infringing the '841 and '520

15  Patents;

16       4.     A declaration that ViewRay must render a full and complete accounting to Varian

17  for ViewRay's profits, gains, advantages or the value of business opportunities received from the

18  foregoing acts of infringement;

19       5.     An award of damages sufficient to compensate Varian for ViewRay's infringement

20  (direct and/or indirect) of the '841 and '520 Patents, in an amount not less than a reasonable

21  royalty;

22       6.     An order awarding Varian treble damages under 35 U.S.C. § 284 as a result of

23  ViewRay's willful and deliberate infringement of the '841 and '520 Patents;

24       7.     That the case be found exceptional under 35 U.S.C. § 285 and that Varian be

25  awarded its attorneys' fees;

26       8.     Costs and expenses in this action;

27       9.     An award of prejudgment and post-judgment interest; and

28

10.     Such other and further relief as the Court may deem just and proper under the circumstances.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Civil L.R. 3-6(a), Varian demands a trial by jury on all issues raised by the Complaint.

Dated: November 18. 2019

By:     /s/ *Harper Batts*

KEKER, VAN NEST & PETERS LLP
LEO L. LAM
JUSTINA SESSIONS
RYAN K. WONG
ANJALI SRINIVASAN
FRANCO MUZZIO
JOSÉ L. MARTINEZ

SHEPPARD, MULLIN,
RICHTER & HAMPTON, LLP
HARPER BATTS
CHRIS PONDER
JEFFREY LIANG

BECK, BISMONTE & FINLEY, LLP
JOSEPH A. GRECO

Attorneys for Plaintiff
VARIAN MEDICAL SYSTEMS, INC.

Case No. 3:19-cv-05697-SI
AMENDED COMPLAINT