UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VARIAN MEDICAL SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> VIEWRAY, INC., *et al*., <br><br> Defendants. | Case No. 19-cv-05697-SI <br><br> **ORDER RE: DISCOVERY** <br> Re: Dkt. No. 73 |

The parties have filed a joint letter regarding a dispute over defendant ViewRay's responses to plaintiff's Interrogatories 11 and 12. Interrogatory No. 11 requests that ViewRay "[d]escribe in detail (including dates and names of individuals involved) any and all steps that ViewRay has taken to avoid infringing the Asserted Patents after learning of their existence in 2016." Dkt. No. 73-1. Interrogatory No. 12 requests that ViewRay "[d]escribe in detail all analysis, review, attempted design-around or investigation of Varian's Halcyon MLC or the Asserted Patents, including the identification of individuals involved, actions taken, and production range of documents pertaining thereto." *Id*. ViewRay has responded to both interrogatories by stating,

> [T]o the extent that Defendants intend to rely on advice of counsel for any purpose, including with respect to the subject matter of this interrogatory, Defendants shall furnish the same in accordance with Patent L.R. 3-7. Further, to the extent that documents or information are withheld on the grounds of privilege, the same will be identified on Defendants' privilege log to be produced in accordance with the parties' stipulated deadline for the exchange of privilege logs in this action.

Dkt. No. 73-2.

Plaintiff contends that the interrogatories seek non-privileged factual information relevant

to Varian's claims of indirect and willful infringement and to damages. ViewRay argues that Varian's demands are improper under the framework of the Patent Local Rules, and that under Patent Local Rule 3-7, there is a specific time for ViewRay to provide the information Varian seeks and that it is not required to disclose this information any sooner. ViewRay states that the parties have negotiated an August 5, 2020 deadline to exchange privilege logs and discovery encompassed by Patent Local Rule 3-7.

Patent Local Rule 3-7 provides,

> Not later than thirty (3) days after filing of the Claim Construction Order, each party relying upon advice of counsel as part of a patent-related claim or defense for any reason must:
>
> a. Produce or make available for inspection and copying the opinion(s) and any other documentation relating to the opinion(s) as to which that party agrees the attorney-client or work product protection has been waived; and
>
> b. Provide a written summary of any oral advice and produce or make available for inspection and copying that summary and documents related thereto for which the attorney-client and work product protection have been waived; and
>
> c. Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the opinion(s) which the party is withholding on the grounds of attorney-client privilege or work product protection.
>
> A party who does not comply with the requirements of Patent L.R. 3.7 will not be permitted to rely on advice of counsel for any purpose, absent a stipulation of all parties or by order of the court, which will be entered only upon showing of good cause.

Patent L.R. 3-7.

The Court concludes that plaintiff is allowed to discover "non-privileged foundational facts" that "do not require the disclosure of any legal advice sought or provided." *Gen-Probe Inc. v. Becton, Dickinson & Co.*, Civil No. 09cv2319 BEN (NLS), 2010 WL 2011526, at *2-3 (S.D. Cal. May 19, 2010) (addressing interrogatory seeking facts regarding how patent infringement defendant became aware of asserted patents and similar Patent Local Rule regarding advice of counsel). Thus, defendants shall respond to the interrogatories by providing the bare facts as to who, what, when and how. *See id.* at *3. However, to the extent that the interrogatories call for information covered by Patent Local Rule 3-7 and advice of counsel – such as information about the disclosure of any legal advice sought or provided – that discovery is governed by Local Rule

3-7 and defendants shall provide that information pursuant to the parties' agreement on August 5, 2020. Defendants shall provide supplemental interrogatory responses within 14 days of the filing date of this order.

**IT IS SO ORDERED**.

Dated: May 21, 2020, 2020

_____
SUSAN ILLSTON
United States District Judge