PILLSBURY WINTHROP SHAW PITTMAN LLP
Michael E. Zeliger (CA Bar No. 271118)
michael.zeliger@pillsburylaw.com
Audrey Lo (CA Bar No. 253738)
audrey.lo@pillsburylaw.com
Ranjini Acharya (CA Bar No. 290877)
ranjini.acharya@pillsburylaw.com
2550 Hanover Street
Palo Alto, CA 94304
Telephone (650) 233-4500
Facsimile: (650) 233-4545

Eric C. Rusnak (*pro hac vice*)
eric.rusnak@pillsburylaw.com
Theresa A. Roozen (*pro hac vice*)
theresa.roozen@pillsburylaw.com
1200 Seventeenth St NW
Washington, DC 20036
Telephone (202) 663-8000
Facsimile: (202) 663-8007

*Attorneys for Defendants*
VIEWRAY, INC. AND
VIEWRAY TECHNOLOGIES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Varian Medical Systems, Inc.<br><br>Plaintiff,<br><br>v.<br><br>ViewRay, Inc. and ViewRay Technologies, Inc.,<br><br>Defendants. | Case No. 19-cv-05697-SI<br><br>**DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING *INTER PARTES* REVIEW**<br><br>Hearing Date: September 18, 2020<br>Time: 10:00 a.m.<br><br>Judge:  The Honorable Susan Illston |

## NOTICE OF MOTION AND MOTION

TO THE COURT AND ALL COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on September 18, 2020 at 10:00 a.m., or as soon thereafter as the matter can be heard in Courtroom 1 – 17th Floor of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco CA 94102, Defendants ViewRay, Inc. and ViewRay Technologies, Inc. (collectively, "ViewRay"), will and hereby does move the Court to stay this action pending the outcome of *inter partes* review ("IPR") of U.S. Patent Nos. 9,082,520 (the "'520 patent") and 8,637,841 (the "'841 patent"). A stay is strongly supported in light of the fact that litigation has not significantly progressed, the IPRs have the potential to narrow the issues in this case or indeed dispose of the case entirely, and that the prejudice to Plaintiff Varian Medical Systems, Inc. ("Varian") occasioned by entering a stay is minimal, if any.

The Motion is based on this Notice of Motion and Motion, the Memorandum and Points of Authority below, the accompanying Declaration of Ranjini Acharya and exhibits thereto, and the [Proposed] Order.

## STATEMENT OF RELIEF REQUESTED

ViewRay seeks a stay of this litigation pending the outcome of the *inter partes* review of the Patents-in-Suit.

## ISSUE(S) TO BE DECIDED

Whether to stay this case pending the outcome of the *inter partes* review of the Patents-in-Suit in light of the fact that litigation has not significantly progressed, the judicial efficiency it would provide, the potential for simplification of issues, and the lack of undue prejudice to Varian.

Dated: August 13, 2020          PILLSBURY WINTHROP SHAW PITTMAN LLP

*/s/ Ranjini Acharya*

By: Michael E. Zeliger
    Eric C. Rusnak
    Audrey Lo
    Ranjini Acharya
    Theresa A. Roozen

*Attorneys for Defendants* VIEWRAY, INC. and VIEWRAY TECHNOLOGIES, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

ViewRay moves to stay this case in its entirety pending the outcome of the *inter partes* review ("IPR") of the Patents-in-Suit to prevent duplicative litigation and inconsistent outcomes.  A stay is supported for several reasons, including the following: discovery is incomplete, and likely will not be completed until COVID-19 related restrictions ease; neither expert discovery nor dispositive motions practice has commenced; a trial date has not been set; the IPRs have the potential to greatly simplify the issues and streamline the case; having issues of validity determined by the Patent Trial and Appeal Board ("PTAB") will promote judicial efficiency and economy, particularly in light of the delays that are likely to be occasioned by the impact of COVID-19; and Varian's claims for relief will not be unduly prejudiced by the entry of a stay.  Therefore, ViewRay respectfully requests that the Court stay this litigation pending the outcome of the IPRs.

## II.  STATEMENT OF FACTS

### A.  Case Status

On September 10, 2019, Varian filed its Complaint against ViewRay in the Northern District of California. Dkt. 1.  On November 18, 2019, Varian filed its First Amended Complaint. Dkt. 37. The Amended Complaint alleges that ViewRay has infringed the '520 and the '841 patents (collectively, the "Patents-in-Suit").  *See* Dkt. 37, ¶¶ 31-49.  ViewRay denies all allegations of infringing any valid, enforceable claim of the Patents-in-Suit.  *See* Dkts. 30, 49.  Varian served its Infringement Contentions on December 20, 2019 and ViewRay served its Invalidity Contentions on February 3, 2020.  *See* Declaration of Ranjini Acharya ("Acharya Decl."), ¶ 2.

Varian conducted a physical inspection of ViewRay's accused device on March 4, 2020. Acharya Decl., ¶ 3.  Varian subsequently served Amended Infringement Contentions, altering theories of infringement with respect to the existing asserted claims of the Patents-in-Suit, and adding several new claims from the '841 patent based on "significant non-public information" that Varian allegedly "discovered during the inspection."  *See id.* (quoting Varian at Dkt. 68 at 3:1-5).  This Court subsequently granted leave for Varian to serve its Amended Infringement Contentions, deemed served April 2, 2020.  *See* Dkt. 69.  The Amended Infringement Contentions assert that ViewRay infringes

claims 1–3, 5–8, 10, and 13–14 of the '520 patent and claims 1–4, 12–16 and 19–22 of the '841 patent. *See* Dkt. 68; Acharya Decl., ¶ 4.  ViewRay served its Amended Invalidity Contentions on July 24, 2020.  Acharya Decl., ¶ 4. That timing was dictated by the impact of COVID-19.  *See* Dkt. 68.

The original scheduling order entered in this case did not set deadlines for expert discovery, dispositive motions, or trial; and at the initial CMC, the Court instructed counsel to "update the Court as to the status on any filed IPR's." *See* Dkt. 55.

The Court held a *Markman* hearing on July 7, 2020 and issued its claim construction order shortly thereafter.  Dkts. 90, 96.  In its claim construction order, this Court ruled claims 12-19 of the '841 patent indefinite, pursuant to 35 U.S.C. §112, ¶ 2.  *See* Dkt. 96 at 6.

At the Court's direction, the parties have now submitted competing proposals for the remainder of the case, with a further case management conference scheduled for August 14, 2020.  *See* Dkt. 98.

**B.     IPR Petitions**

ViewRay has been candid with the Court and Varian regarding its intentions to file IPRs on the Patents-in-Suit.  *See, e.g.,* Dkt. 55 (after discussion of ViewRay's intention to file IPRs, the Court directing "[c]ounsel shall update the Court as to the status on any filed IPRs."); Dkt. 58 ("Defendant ViewRay additionally reports that it has also been diligently working to prepare petitions for *inter partes* review ("IPR") for each of the Patents-in-Suit").  *See also* Acharya Decl., ¶ 5, Ex. A, July 7, 2020 Hearing Tr., at 7:12-21; 7:22-8:2.

On July 7, 2020, ViewRay filed an IPR petition challenging claims 1–3, 5–8, 10, 13–14 of the '520 patent.  *See* Acharya Decl., ¶ 8, Ex. D.  On July 31, 2020, ViewRay filed a second IPR petition challenging claims 1–3, 5–8, 10, 13–14 of the '520 patent.  *Id.*, ¶ 9, Ex. E.  These IPRs cover all asserted claims of the '520 patent.  *Id.*, ¶ 10.

On August 13, 2020, ViewRay filed an IPR petition challenging claims 1–4 and 20–22 of the '841 patent.  *See* Acharya Decl., ¶ 11, Ex. F.  This IPR petitions cover all asserted claims of the '841 patent, other than those claims (claims 12–19 of the '841 patent) that have been ruled indefinite by this Court.  *Id.*; *see also* Dkt. 96 at 6.

### III. LEGAL STANDARDS

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending [IPR]." *Zomm, LLC v. Apple Inc.*, 391 F. Supp. 3d 946, 954 (N.D. Cal. 2019) (quoting *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988)); *Anza Tech., Inc. v. Toshiba Am. Elec. Components, Inc.*, No. 17-CV-07289-LHK, 2018 WL 4859167, at *1 (N.D. Cal. Sept. 28, 2018).

When deciding whether to grant a stay, a court will consider the following factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Zomm*, 391 F. Supp. 3d at 956. "Courts in this district have often recognized 'a liberal policy in favor of granting motions to stay' pending IPR." *Id.*

### IV. ARGUMENT

Each factor weighs in favor of a stay: key topics of discovery, including ViewRay's inspection of Varian's alleged commercial embodiment, cannot take place due to COVID-19. *See* Dkt. 98 at 2:8-9 (per Varian, "ViewRay's inspection of Varian's practicing products will be scheduled once COVID-19 restrictions and Shelter Orders permit it to take place in a safe manner."). The deadline for the close of fact discovery has not been set; and expert discovery deadlines, dispositive motions deadlines, and trial have not yet been scheduled. *See* Dkt. 55. The stay will greatly simplify litigation and preserve judicial resources, by allowing the PTAB – a forum well-equipped to handle questions of invalidity – to assess the validity of the Patents-in-Suit in light of the prior art. Finally, because this is a patent infringement case that is ultimately grounded in economic theories of relief, Varian will not be harmed by a stay.

#### A. Litigation Has Not Significantly Progressed, Favoring a Stay.

Under the first factor, the court will consider whether "litigation has progressed significantly enough for a stay to be disfavored." *Anza Tech.*, 2018 WL 4859167, at *1. In assessing this factor, courts consider: "(1) whether parties have engaged in costly expert discovery and dispositive motion practice; (2) whether the court has issued its claim construction order; and (3) whether the court has set a trial date." *Finjan, Inc. v. Symantic, Corp.*, 139 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015); *Anza*

-3-

1  *Tech.*, 2018 WL 4859167, at *1 (citing *PersonalWeb Tech., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022,
2  1025 (N.D. Cal. 2014)).

3        Even when discovery has started and infringement and invalidity contentions have been
4  completed, courts have issued stays when other costly discovery, such as expert reports and dispositive
5  motions, have not yet occurred.  *See Zomm*, 391 F. Supp. 3d at 956; *PersonalWeb Tech.*, 69 F. Supp.
6  3d at 1026-27 (finding that a stay was favored even though "the parties have exchanged over 100
7  requests for production of documents and have in fact produced over 500,000 pages; have propounded
8  and responded to over 50 interrogatories; and have taken a dozen depositions" because expensive
9  discovery and litigation, such as expert reports, expert discovery, and dispositive motions remained).

10        While discovery is this case is underway, the parties have not engaged in expert reports or
11  dispositive motions practice.  *See* Dkt. 55.  In addition, no trial has yet been scheduled.  *Id.*  Because
12  costly expert discovery and dispositive motions practice has not started and trial has not been
13  scheduled, this factor weighs in favor of a stay.  *See Zomm*, 391 F. Supp. 3d at 956; *PersonalWeb*
14  *Tech.*, 69 F. Supp. 3d at 1026-27.

15        The Court has also not set a fact discovery deadline.  Moreover, fact discovery has already
16  been hampered by restrictions imposed by COVID-19 and those challenges are likely to materially
17  affect discovery going forward.  Indeed, **both** parties have had to extend timelines due to difficulties
18  related to COVID-19.  For example, ViewRay was unable to search for additional prior art in response
19  to Varian's Amended Infringement Contentions for several months.  *See* Dkt. 68 at 4:1-12, n. 1
20  (highlighting difficulties of completing prior art search when "[m]any of the external sources that are
21  not online are currently inaccessible due to government restrictions, and the dates by which they will
22  reopen to the public are constantly changing.").  Likewise, Varian has sought extensions of time to
23  satisfy its discovery obligations due to the effects of COVID-19.  *See* Acharya Decl., ¶ 6, Ex. B ("Due
24  to COVID-19 creating unexpected complications in collecting ESI files, Varian is unlikely to be able
25  to provide initial search terms and hit counts for the custodians ViewRay selected by this
26  Wednesday."); *id.*, ¶ 7, Ex. C ("COVID-related complications have unexpectedly delayed Varian's
27  ability to collect some documents in response to several ViewRay RFPs," and proposing delaying the
28  deadline to substantially produce non-ESI documents by one month).  These kinds of "complications"

are likely to continue as governments respond to the changing landscape of COVID-19. In addition, Varian has indicated that it will not make its Halcyon machine, which Varian has identified as embodying the asserted claims, available for inspection under the current regime. *See* Dkt. 98 at 2:8-9 ("ViewRay's inspection of Varian's practicing products will be scheduled once COVID-19 restrictions and Shelter Orders permit it to take place in a safe manner."). Expert reports cannot be completed until that inspection takes place.

Thus, it is clear that there have been, and likely will continue to be, delays arising from COVID-19. Further, the disruption caused by COVID-19 is likely to extend to future hearings and trial dates, as delayed criminal matters will likely take priority over patent cases. This, too, counsels strongly in favor of a stay. *See*, *DivX, LLC v. Netflix, Inc.*, No. 19-cv-1602-PSF-DFMx, 2020 WL 3026034 (C.D. Cal. May 11, 2020) ("The coronavirus pandemic is also a relevant consideration under this factor…It is likely that if these cases were to proceed on their current schedule, hearings and trial would be subject to delays, particularly because criminal matters will take priority over these patent infringement actions."); *see also Sherwood Sensing Solutions, LLC v. Henny Penny Corp.*, No. 3:19-cv-366, at *4 (S.D. Ohio Apr. 28, 2020) (DE 24) (order granting a stay and noting that there is no reason to think that the court's proceedings will not be affected by COVID-19).

In sum, the activities undertaken to date relative to the activities remaining to be completed prior to trial, coupled with the foreseeable delays occasioned by COVID-19, favor staying this litigation pending the outcome of the IPRs.

**B.     A Stay Will Simplify Litigation, Favoring a Stay.**

Under the second factor, the court will consider whether a stay may simplify litigation. *Anza Tech.*, 2018 WL 4859167, at *2. An IPR has the potential to clarify the scope of the asserted claims and could allow the court to avoid any "unnecessary expenditure of judicial and party resources." *Anza Tech.*, 2018 WL 4859167, at *2. "Along these same lines, if the PTO finds some or all of the claims of the patent are invalid, the Court will have wasted resources and the parties will have spent funds addressing an invalid claim or claims if this action goes to trial" prior to the outcome of the IPR. *See Ho Keung Tse v. Apple*, No. 06-cv-06573 SBA, 2007 WL 2904279 at *4 (N.D. Cal. Oct. 4, 2007).

In this case, the remaining asserted claims are now subject to ViewRay's IPR petitions.[1] If the PTAB invalidates or modifies even some of these claims, this will greatly streamline the litigation. If the PTAB invalidates all of the challenged claims, that disposes of this case in its entirety. This resulting judicial efficiencies favors a stay. *Evolutionary Intelligence LLC v. Yelp Inc.*, No. C-13-03587 DMR, 2013 WL 6672451, at *6 (N.D. Cal. Dec. 18, 2013) (noting that absent a stay, "the court will have wasted resources and the parties will have expended funds addressing invalid claims or claims subsequently modified during reexamination.").

Further, a stay *prior* to an institution decision is warranted in this case. "Although some courts have declined to stay litigation before the PTAB has decided to institute review, this Court has found that it "'is not uncommon for [courts] to grant stays pending reexamination prior to the PTO [deciding] to reexamine the patent.'" *Elekta Ltd. v. ZAP Surgical Sys., Inc.*, No. 19-cv-02269 JSW, 2019 WL 9100404, at *2 (Nov. 8, 2019) (quoting *Oyster Optics, LLC v. Ciena Corp.*, No. 17-cv-05920 JSW, 2018 WL 6972999, at *2 (N.D. Cal. Jan. 29, 2018)); *Evolutionary Intelligence, LLC v. Facebook, Inc.*, No. 13-cv-4202-SI, 2014 WL 261837 (N.D. Cal. Jan. 23, 2014). "The PTAB's review here, if granted, could dispose of this matter in its entirety or significantly narrow the scope of the issues. The Federal Circuit has found that such a situation 'weighs heavily in favor of granting the stay.'" *Elekta Ltd*, 2019 WL 9100404 at *2. The same is true here: because all of the remaining claims have now been challenged at the PTAB, there is potential for this matter to be disposed of in its entirety and that weighs heavily in favor of entering a stay.

Indeed, institution is significantly likely with respect to these IPRs. By way of example, the prior art teaches an arrangement wherein the first set of pairs of leaves has a quantity of pairs of leaves different from the quantity of pairs of leaves in the second set, thereby invalidating claim 1 of the '520 patent. *See* Acharya Decl., Ex. D at 28-31. As another example, the prior art teaches an arrangement of leaves wherein the closing location of the leaves in the first and second sets are offset in the direction of leaf movement, in accordance with this Court's construction of claim 20 of the '841 patent, thereby invalidating claim 20 of the '841 patent. *See* Dkt. 96 at 16-18; Acharya Decl., Ex. F at 39-40. These

---

[1] This Court has already found claims 12–19 of the '841 patent indefinite. *See* Dkt. 96 at 6.

examples are not intended to be exhaustive; ViewRay's IPRs detail these and several other grounds in support of its challenges to the Patents-in-Suit. But since the PTAB is statutorily mandated to institute if there is a reasonable likelihood that ViewRay will prevail with respect to at least *one* of the claims challenged (*see* 35 U.S.C. § 314), ViewRay is confident of institution. Given that the remainder of fact discovery is likely to be halted or significantly delayed by COVID-19 in any event, there is no need for the Court to await institution before granting ViewRay's motion; the Court can enter a stay now and conserve its resources until the PTAB has completed its review.

In sum, judicial economy is best served by having the PTAB assess the validity of the remaining claims in this case – particularly at a time where the Court's resources are already stretched by the exigencies of COVID-19. This factor weighs in favor of a stay.

### C. The Risk of Harm to Varian is Low, Favoring a Stay.

When assessing the third factor, the court can look at whether there is a risk of loss of evidence, harm in the marketplace, undue delay, and misleading tactics. *Evolutionary Intelligence*, 2013 WL 6672451, at *8–9. None of those factors is present here.

There is no real dispute that a stay would not create any risk of loss of evidence. Varian has completed its inspection of the allegedly infringing device, and the parties have largely cooperated in the completion of those written discovery activities and document productions that could be completed even while observing shelter-at-home directives. *See* Dkt. 98. A stay would simply preserve the status quo until such time as the PTAB has completed its evaluation of the IPRs.

Where parties are competitors, a stay may prejudice the patentee's timely enforcement of a right to exclude; "[h]owever, courts have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay." *Verinata Health, Inc. v. Ariosa Diagnostics, Inc*., No. 12-CV-05501-SI, 2015 WL 435457, at *4 (N.D. Cal. Feb. 2, 2015) (granting motion to stay proceedings between direct competitors) (internal quotation marks and citations omitted). Further, when the products accused of infringement have been in the market for years prior to the litigation, this too undermines a finding of undue harm, and the lack of urgency in prosecuting a case further underscores that any prejudice to plaintiff occasioned by a stay is likely to be minimal. *Finjan*, 139 F. Supp. 3d at 1037–38. As ViewRay has previously noted, Varian filed

1  this lawsuit in September 2019, more than two years after ViewRay launched its allegedly infringing
2  product. *See* Dkt. 98 at 5:11-12. Varian does not appear to take issue with that characterization. *Id.*
3  Because ViewRay's allegedly infringing product was on the market for years prior to Varian's
4  initiation of this litigation, it is readily apparent that any loss that Varian has suffered can be adequately
5  addressed with money damages. The risk of market harm occasioned by entering a stay is minimal.

6  Nor is there any undue delay. Indeed, undue delay is not present when the defendant files a
7  petition for *inter partes* review within the period permitted under the statute. *Evolutionary*
8  *Intelligence*, 2013 WL 6672451, at *9. Further, courts have found that an IPR filed within three to six
9  months of infringement contentions does not constitute undue delay. *Karl Storz Endoscopy-Am., Inc.*
10 *v. Stryker Corp.*, No. 14-cv-00876-RS, 2015 WL 13727876, at *3 (N.D. Cal. Mar. 30, 2015). Here,
11 the IPRs have been filed within the permitted statutory period of time, and less than six months of the
12 deemed date of service of Varian's Amended Infringement Contentions even despite the challenges
13 presented by COVID-19. There is no undue delay that would weigh against the entry of a stay.

14 Finally, ViewRay has been candid with Varian and the Court since the beginning, about its
15 intentions to file for IPRs. ViewRay disclosed its intention to file petitions at the initial CMC, and has
16 regularly provided updates on its progress thereafter. *See, e.g.,* Dkt. 55 (after discussion of ViewRay's
17 intention to file IPRs, the Court directing "[c]ounsel shall update the Court as to the status on any filed
18 IPRs."); Dkt. 58 ("Defendant ViewRay additionally reports that it has also been diligently working to
19 prepare petitions for *inter partes* review ("IPR") for each of the Patents-in-Suit"); *and see* Acharya
20 Decl., Ex. A. ViewRay has not engaged in any misleading tactics that would tip the balance against
21 entering a stay.

22 Because a stay would not unduly prejudice or present a clear tactical disadvantage to Varian,
23 and in light of courts in this District adopting a "liberal policy in favor of granting motions to stay
24 pending IPR," this factor also supports entering a stay. *Zomm*, 391 F. Supp. 3d at 956.

25 **V.   CONCLUSION**

26 Because all three factors weigh in favor of a stay, ViewRay respectfully requests this Court
27 immediately stay these proceedings pending the outcome of the *inter partes* review of the Patents-in-
28 Suit.

Dated: August 13, 2020     PILLSBURY WINTHROP SHAW PITTMAN LLP

*/s/ Ranjini Acharya*

By: Michael E. Zeliger
    Eric C. Rusnak
    Audrey Lo
    Ranjini Acharya
    Theresa A. Roozen

*Attorneys for Defendants* VIEWRAY, INC. and VIEWRAY TECHNOLOGIES, INC.