UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VARIAN MEDICAL SYSTEMS, INC., Plaintiff, v. VIEWRAY, INC., *et al.*, Defendants. | Case No. 19-cv-05697-SI **ORDER DENYING DEFENDANTS' MOTION TO STAY WITHOUT PREJUDICE TO RENEWAL IN THE EVENT THE IPRS ARE INSTITUTED** Re: Dkt. No. 100 |

Defendants' motion to stay this action pending *inter partes* review ("IPR") is scheduled for a hearing on September 18, 2020. Pursuant to Civil Local Rule 7-1(b), the Court determines this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the motion is DENIED.

Defendants filed the IPR petitions in July and August 2020, and the parties expect that the Patent Trial and Appeal Board ("PTAB") will act on those petitions in February 2021. Every claim asserted by Varian in this case is the subject of the pending IPR petitions. Defendants contend that there is a strong possibility that the IPRs, if instituted, will clarify the issues and streamline this case for trial, or moot it entirely. Plaintiff opposes a stay.

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO [Patent and Trademark Office] reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted). In determining whether to grant a stay pending *inter partes* review, courts consider: (1) the stage of litigation, i.e., whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *Telemac Corp. v.*

*Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006).

The Court concludes that on balance, these factors weigh against granting a stay at this time. This action was filed in September 2019, the parties have engaged in some discovery, and the Court issued a claim construction order on July 24, 2020. The Court has set an August 2021 trial date, as well as a pretrial schedule for fact and expert discovery and motion practice. The Court believes that the IPR proceedings, if instituted, could ultimately simplify the issues in this case and serve the goal of advancing judicial efficiency. If the PTAB institutes the IPRs, the Court is strongly inclined to stay this case. However, at this time it is unknown whether the PTAB will grant the petitions. As such, the Court concludes that the better course is to proceed with this case and to allow defendants to renew their request for a stay in the event the PTAB institutes the IPRs. *See Hewlett-Packard Co. v. ServiceNow, Inc.*, No. 14-cv-00570-BLF, 2015 WL 1737920, at *3 (N.D. Cal. Apr. 9, 2015) (denying motion to stay without prejudice to renewal after PTAB acted on IPR petitions).

The Court is not unsympathetic to the concerns raised by defendants about engaging in time-consuming and expensive litigation while waiting for the PTAB's decision, as well as the fact that COVID-19 may make those endeavors more complicated and burdensome. The Court will consider potential modifications to the discovery schedule either by stipulation or at the next case management conference.

**IT IS SO ORDERED**.

Dated: September 9, 2020

_____
SUSAN ILLSTON
United States District Judge